THEODORE KNOOP ET AL *v.* COLUMBUS COMPRESS COMPANY. .

BAILMENTS.   *Action by bailor.   Evidence.   Bookkeeping bad.*

A bailor in an action against a bailee for the value of the subject
of the bailment is not precluded from making out his case by
other competent evidence because he cannot make an intelli-
gent statement of his losses from his own badly kept account
books.

FROM the circuit court of Lowndes county.

HON. EUGENE O. SYKES, Judge.

Knoop and others, appellants, composing the copartnership
of "Knoop, Freirick & Company's Agency," were plaintiffs in
the court below; the Columbus Compress Company was de-
fendant there.   From a judgment in defendant's favor the
plaintiffs appealed to the supreme court.

The plaintiffs had delivered to defendant during the cotton
season, 1901-02, a large number of bales of cotton for com-
pression and storage.   At the end of the season the plaintiffs
claimed that they had so delivered twelve bales, which defend-
ant had not returned to them.   This was denied by defendant.
Plaintiffs sued for the value of the twelve bales in dispute.   It
appeared upon the trial that the plaintiffs were, because of their
own bad bookkeeping, unable to present from their books of
accounts an entirely clear and intelligent statement of their
losses.   They did, however, introduce other testimony tending
to prove their declaration.   The court below gave defendant an
instruction, the one referred to in the opinion of the court,
in these words: "If the jury believe from the evidence that
plaintiff so negligently conducted its business that it cannot
ascertain for itself, nor furnish the jury, any data as to the
amount of its loss, if any it has received, then the jury will find
for the defendant."

*E. T. Sykes,* and *C. H. Hale,* for appellants.

Over the objection of appellants counsel for appellee were permitted to go into a lengthy examination and cross-examination as to the condition of appellants' books. It is obvious that if appellants' books had been entirely destroyed by fire, their right to recover for cotton delivered and not accounted for would not have been destroyed. The appellee had admitted the receipt of the cotton sued for, and the state of the appellants' books could in no way affect the question whether appellee had re-delivered the cotton according to appellants' order. The question being, "Did appellees re-deliver the cotton sued for?" any questions asking in substance, "Did appellants keep a good set of books?" elicited totally irrelevant testimony. What has bookkeeping to do with the case? The receipt was admitted and the demand proved. *Mortimore* v. *Ragsdale*, 62 Miss., 86.

The first instruction given for appellee is incorrect as a matter of law, and is inapplicable under the state of facts proved in this case. It is incorrect in law, for it makes the plaintiffs' right to recover depend upon their system of bookkeeping, and upon that exclusively. It ignores the possibility, in this case the fact, of plaintiffs' being able to produce evidence from other sources than their books, such as defendant's receipts, and tells the jury that if plaintiffs kept books badly, they must lose their property, even though they should be able to prove its conversion by other evidence. It is further erroneous in that it enables defendant to present as a defense, not its performance of its admitted contract, but plaintiffs' bookkeeping.

*William Baldwin,* for appellee.

The testimony of the plaintiffs' only witness, John S. Hale, was wholly overturned, and his statement and alleged showing made by his books and papers was absolutely discredited by his own statements and admissions made and repeated that the

books of the plaintiffs were in such condition that no man could make anything out of them.

These admissions were enough to completely discredit any claim based thereon, and the jury was entirely right in refusing to find a verdict based upon them.

Argued orally by *E. T. Sykes,* for appellants.

WHITFIELD, C. J., delivered the opinion of the court.

The instruction No. 1, given for the defendant, was fatally erroneous. The plaintiff might recover quite independently of its bad bookkeeping, if the case was otherwise satisfactorily made out; and the court restricted plaintiff's rights within too narrow limits, in requiring it to recover, if at all, on its own correct bookkeeping. If the receipts of the compress, under its peculiar course of business, coupled with the other testimony, showed the defendant liable, then, in the absence of satisfactory explanation by defendant, the plaintiff should have recovered, whether its mere bookkeeping was perfect or not. The cuttlefish defense, whereby plaintiff's right to recover otherwise was obscured by the cloud raised by its bad bookkeeping, should not have been permitted to wrest justice and mislead the jury.

*Reversed and remanded.*